# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

    *Plaintiff*,

vs.

BRIAN SANDOVAL, *et al.*

    *Defendants*.

3:12-cv-00235-LRH-WGC

ORDER

    This prisoner civil rights action comes before the Court following upon a referral from the Court of Appeals for a certification as to whether the appeal is taken in good faith as well as on a motion (#9) "for a certificate of appealability" by plaintiff.

    The Court takes judicial notice of the following from its docket records.

    Plaintiff Steven Braunstein currently stands convicted under a Nevada state judgment of conviction of two counts of sexual assault with a minor under fourteen years of age. The original judgment of conviction was filed on March 17, 2000. An amended judgment of conviction was filed on August 12, 2010, that added another 22 days of credit for time served prior to the original judgment, without any other change to the original judgment.

    In No. 2:07-cv-00014-RLH-GWF, this Court denied Braunstein's federal habeas petition challenging the conviction on the merits. The Ninth Circuit denied a certificate of appealability in No. 10-16621.

    In No. 3:11-cv-00027-RCJ-RAM, Braunstein filed another federal habeas petition seeking to challenge the same judgment of conviction. This Court denied the petition as, *inter alia*, successive. The Ninth Circuit denied a certificate of appealability in No. 11-15290. See also No. 11-70328.

In No. 3:11-cv-00587-LRH-WGC, Braunstein filed another federal habeas petition again seeking to challenge the same judgment of conviction. That matter currently remains pending, and respondents have filed a motion to dismiss the petition as, *inter alia*, successive.

In the present civil rights action, Braunstein seeks injunctive relief under § 1983 challenging the same judgment of conviction. This attempt to challenge a state court conviction under § 1983 that has not been overturned on appeal or post-conviction review plainly is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The challenged conviction clearly has not been overturned on appeal or post-conviction review. Indeed, plaintiff expressly acknowledges that his current federal habeas challenge in No. 3:11-cv-00587 currently is pending. The *Heck* bar applies in this context regardless of whether injunctive relief is sought instead of damages. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2004). And the *Heck* bar plainly applies to all claims in the action regardless of whether the defendants named otherwise are entitled to immunity on the face of the complaint in all capacities as to all relief sought. That is, even if a particular immunity otherwise would not bar an action for injunctive relief against a named defendant in their official capacity, the underlying claims asserted herein nonetheless are *Heck*-barred.[1] All of plaintiff's arguments to the contrary constitute wholly frivolous jailhouse logic.

The appeal thus is frivolous vis-à-vis the core contentions and relief sought by plaintiff, such that, in such respects, an appeal would be dismissed in the case of a non-indigent litigant. The Court notes *sua sponte*, however, that the Court directed a dismissal with prejudice in error. It is established law that a dismissal of *Heck*-barred claims instead must be without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *see also Mubita v. Weaver*, 2012 WL 1454841 (9th Cir., Apr. 27, 2012). At this juncture, it appears that the district court lacks jurisdiction to *sua sponte* modify the judgment because of the pending appeal. Plaintiff accordingly should be allowed to pursue the appeal *in forma pauperis* so that an appropriate order by the Court of Appeals may be made in this limited regard. Otherwise, as discussed *supra*, the appeal is wholly frivolous.

---

[1] The Court notes, however, that state sovereign immunity bars suit in federal court against the State of Nevada regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). It further is subject to question whether the Governor, the Attorney General, and the named Deputy Attorney General, as opposed to the state district court, have the functional capability of vacating a state court judgment of conviction.

Plaintiff's motion for a certificate of appealability will be denied as unnecessary. A certificate of appealability is required to appeal a final decision in a habeas matter. The present matter instead is a *Heck*-barred civil rights action.

IT THEREFORE IS ORDERED, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, that this Court certifies to the Court of Appeals that it does not elect to revoke *in forma pauperis status* in response to the referral notice. As discussed herein, the district court notes *sua sponte* that the judgment should have directed a dismissal without prejudice rather than with prejudice of the *Heck*-barred claims. Subject to a remand for such correction of the judgment, the appeal otherwise is wholly frivolous.

IT FURTHER IS ORDERED that plaintiff's motion (#9) for a certificate of appealability is DENIED as unnecessary in this civil rights action.

DATED this 29th day of June, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE